*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ERIC JEAN BAPTISTE,         :

                                  :      Civil Action No. 13-476 (ES)

Plaintiff,                :

                                  :

v.                       :      **OPINION**

                                  :

ESSEX CNTY. FACILITY, et al.,   :

                                  :

Defendants.             :

**APPEARANCES:**

**ERIC JEAN BAPTISTE**, Plaintiff pro se
J-2012-08576
Essex County Correctional Facility
354 Doremus Avenue
Newark, N.J. 07105

**SALAS**, District Judge

Plaintiff Eric Jean Baptiste ("Plaintiff"), an immigration detainee currently being held at Essex County Correctional Facility in Newark, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

---

[1] Plaintiff initially failed to submit a complete *in forma pauperis* application with his complaint and the Court denied his application and administratively terminated this action. (ECF No. 2.) Thereafter, Plaintiff submitted a complete *in forma pauperis* application. (ECF No. 4-5.) As such, this Court will re-open the case to conduct its screening of the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Paul O'Connor, M.D., Rosemary Heckstall, N.P. and "Essex County Facility."[2] The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On August 19, 2012, Plaintiff slipped and fell on a wet floor in the jail and injured his back and his knee. (Compl. ¶ 6.) Officer Tucker took him to the nurse who gave him an ice pack and pain pill. (Id.) The following day, Plaintiff saw the doctor for an x-ray of his knee and was told that his knee will take time to heal. (Id.) Plaintiff states that no x-ray was taken of his back and they stopped giving him medication in January for his knee, despite the fact that he is still in pain. (Id.) Plaintiff states that three x-rays have been taken since his injury yet there are still no answers as to why he is in pain and his chin and knee are swollen. (Id.) Plaintiff is seeking "proper treatment" and medical attention for his pain and injuries. (Id. at ¶ 7.)

---

[2] Though "Essex County Facility" is identified in the caption of the complaint, Plaintiff does not allegation any specific facts against this defendant in the body of the complaint. Moreover, a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688–90 (1978). *See Russell v. City Of Philadelphia*, 2011 WL 1420285 *1 (3d Cir. 2011); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill.1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893–894 (E.D. Va. 1992). As such, "Essex County Facility" will be dismissed as a defendant.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B),  seeks redress

against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with

respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.  This

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because

Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient

factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

As an immigration detainee at the time of the incident, Plaintiff is entitled to the same protections as a pretrial detainee and retains liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. *See Adekoya v. Chertoff*, 431 F. App'x 85, 88 (3d Cir. 2011) (citing *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000)); *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000). In order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted,

4

a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. *Lenhart v. Pa.*, 528 F. App'x 111, 115 (3d Cir. 2013) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (noting that a pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of inadequate medical care); *Everett v. Nort*, No. 13-1864, 2013 WL 6108053, at * 2 (3d Cir. Nov. 21, 2013) (using the *Estelle* "deliberate indifference" test to evaluate a pretrial detainee's medical claim).

The *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). An inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

In this case, it is clear that Plaintiff received substantial medical attention for his ailments. He was taken to the nurse immediately after his fall and given ice and pain medication. X-rays were taken the following day, as well as on two other occasions after that. Plaintiff received pain medication for approximately five months after his injuries. Though Plaintiff alleges that he is not receiving "proper treatment," it is clear that he merely disagrees with the course of treatment, which does not state a constitutional claim. *Inmates of Allegheny Cnty. Jail*, 612 F.2d at 762.

Based on the foregoing, Plaintiff's medical claim will be dismissed without prejudice against all defendants. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to amend his complaint.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4] An appropriate order follows.

Dated: December 10, 2013

ESTHER SALAS, U.S.D.J.

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

6